IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION
CASE NUMBER: 9:09-3188-MBS

| | |
|---|---|
| Glen F. Inabinett and Penny Inabinett,<br><br>                                       Plaintiffs,<br>vs.<br><br>Clariant Corporation and<br>AZ Electronic Materials USA Corp.,<br><br>                                       Defendants. | **DEFENDANT AZ ELECTRONIC MATERIALS USA CORP.'S ANSWER TO AMENDED COMPLAINT**<br>**(Jury Trial Requested)** |

TO:   SAMUEL L. SVALINA, ESQUIRE, ATTORNEY FOR THE PLAINTIFFS, AND TO THE PLAINTIFFS ABOVE NAMED:

Defendant AZ Electronic Materials USA Corp., (hereinafter "AZE"), in answering the Plaintiffs' Amended Complaint, would respectfully show unto this Honorable Court the following:

**FOR A FIRST DEFENSE**
**(General Denial)**

1.     Each and every allegation of the Amended Complaint not hereinafter specifically admitted is denied, and strict proof demanded thereof.

2.     In answering the allegations of Paragraph 1 of the Amended Complaint, to the extent said Paragraph states a legal conclusion, no response is required. To the extent the allegations of Paragraph 1 of the Complaint are construed to require a response from Defendant AZE, Defendant AZE is without sufficient information to form a belief as to the same and therefore denies the same.

1

3. Defendant AZE Defendant is without sufficient information to form a belief as to the allegations of Paragraphs 2, 3, 4 and 5 of the Amended Complaint and therefore denies the same.

4. The allegations of Paragraph 6 of the Amended Complaint are admitted.

5. In answering the allegations of Paragraph 7 of the Amended Complaint, Defendant AZE admits that a lease exists between it and Clariant Corporation for certain property. Defendant AZE craves reference to the language of the lease and denies any allegations of Paragraph 7 inconsistent therewith.

6. In answering the allegations of Paragraph 8 of the Amended Complaint, to the extent said Paragraph states a legal conclusion, no response is required. To the extent the allegations of Paragraph 8 of the Amended Complaint are construed to require a response from Defendant AZE, Defendant AZE is without sufficient information to form a belief as to the same and therefore denies the same.

7. Defendant AZE is without sufficient information to form a belief as to the allegations of Paragraphs 9 and 10 of the Amended Complaint and therefore denies the same.

8. In answering the allegations of Paragraph 11 of the Amended Complaint, to the extent said Paragraph alleges that the Plaintiff was an invitee or visitor with respect to Defendant AZE, said allegations are expressly denied. Defendant AZE is without sufficient information to form a belief as to the remaining allegations of Paragraph 11 of the Amended Complaint and therefore denies the same.

9. Defendant AZE is without sufficient information to form a belief as to the allegations of Paragraph 12, 13, and 14 of the Amended Complaint and therefore denies the same.

10. In answering the allegations of Paragraph 15 to the extent said Paragraph alleges AZE owned the forklift involved in the accident and that its employee was operating the forklift, it is admitted. Defendant AZE denies the remaining allegations of Paragraph15.

11. Defendant AZE denies the allegations of Paragraph 16 of the Amended Complaint.

12. In answering the allegations of Paragraph 17 of the Amended Complaint, to the extent said Paragraph states a legal conclusion, no response is required. To the extent the allegations of Paragraph 17 of the Amended Complaint are construed to require a response, they are denied.

13. Defendant AZE is without sufficient information to form a belief as to the allegations of Paragraph 18 of the Amended Complaint and therefore denies the same.

14. Defendant AZE denies the allegations of Paragraphs 19 and 20 of the Amended Complaint in each and every particular.

15. In response to Paragraph 21 of the Amended Complaint Defendant AZE reiterates its responses to Paragraphs 1 through 20 above as if fully set forth verbatim herein.

16. Defendant AZE denies the allegations of Paragraphs 22 and 23 of the Amended Complaint.

17. Defendant AZE admits the allegations of Paragraph 24 of the Amended Complaint.

18. The allegations of Paragraphs 25, 26, 27 and 28 of the Amended Complaint are denied.

19. Defendant AZE is without sufficient information to form a belief as to the allegations of Paragraph 29 of the Amended Complaint and therefore denies the same.

20. In response to Paragraph 30 of the Amended Complaint, Defendant AZE reiterates its responses to Paragraphs 1 through 29 above as if fully set forth verbatim herein.

21. Defendant AZE is without sufficient information to form a belief as to the allegations of Paragraphs 31, 32, 33 and 34 of the Amended Complaint and therefore denies the same.

## FOR A SECOND DEFENSE

22. The Defendant would show, upon information and belief, that the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, therefore, the Plaintiff's Complaint should be dismissed, with costs.

## FOR A THIRD DEFENSE

23. This Defendant would show, upon information and belief, that any injuries or damages sustained by the Plaintiff were due to his own negligent, careless, reckless and grossly negligent acts or omissions which combined and concurred with any negligence on the part of this Defendant, which is specifically denied, to produce such injuries or damages, if any, and without which such injuries or damages would not have occurred; such negligent, careless, reckless and grossly negligent acts or omissions on the part of the Plaintiff all of which were the direct and proximate cause of any injuries or damages sustained by the Plaintiff and this Defendant pleads such negligence, carelessness, recklessness and gross negligence on the part of the Plaintiff and would ask that this court compare the negligence of the Plaintiff and this Defendant and if it is determined that the Plaintiff's negligence, carelessness, recklessness and gross negligence was greater than the negligence, carelessness, recklessness and gross negligence of this Defendant, which is specifically denied, then the Plaintiff should be totally barred from recovery and if it is determined that the Plaintiff's negligence, carelessness,

recklessness and gross negligence is equal to or less than the negligence of this Defendant, then the amount of recovery available to the Plaintiff should be reduced by the percentage of the Plaintiff's own negligence, carelessness, recklessness and gross negligence.

## FOR A FOURTH DEFENSE

24.     This Defendant would show, upon information and belief, that the injuries sustained by the Plaintiff were the result of the sole negligence of a Third-Party over which this Defendant has no authority or control and therefore, the Plaintiff cannot recover any sum whatsoever from this Defendant.

## FOR A FIFTH DEFENSE

25.     This Defendant would show, upon information and belief, that if any dangerous or hazardous condition existed on the premises at the time of the Plaintiff's fall, then such condition was open and obvious to the Plaintiff and the Plaintiff's decision to proceed in spite of such danger and hazard constitutes the assumption of risk and this Defendant pleads the assumption of risk as a complete defense to the Plaintiff's action.

## FOR A SIXTH DEFENSE

26.     This Defendant would show, upon information and belief, that the Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that this Defendant could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because this Defendant can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty

and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates this Defendant's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills this Defendant's exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

## FOR A SEVENTH DEFENSE

27.     This Defendant would show, upon information and belief, that any injuries or damages sustained by the Plaintiff, which are specifically denied, were the result of the acts or omissions of others not in the employ or control of this Defendant and, therefore, the Plaintiff cannot recover from this Defendant in any sum whatsoever.

## FOR A EIGHTH DEFENSE

28.     Defendant AZE would show that Plaintiff has failed to state a claim for which punitive damages are recoverable under any applicable law as there is no reckless, willful, wanton, or grossly negligent conduct on the part of this Defendant; therefore, Plaintiff's claims for punitive damages should be dismissed.

## FOR A NINTH DEFENSE

29.     Defendant AZE would show that any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations enunciated by the United States Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct.

1589 (1996) and State Farm Mut. Ins. Automobile Ins. Co. v. Campbell, 508 U.S. 408, 123 S. Ct. 1513 (2003).

## FOR A TENTH DEFENSE

30. Defendant AZE would show that if the Plaintiff is entitled to any recovery against it, which is specifically denied, then Defendant AZE is entitled to a set off for all sums of monies recovered from any other potentially liable party herein or monies obtained from any other collateral source obtained by or on behalf of Plaintiff by way of any settlement, judgment, or otherwise which Plaintiff has entered or recovered from any other potentially responsible party herein.

## FOR A ELEVENTH DEFENSE

31. Defendant AZE would show that the perils and dangers existing at the time of the Plaintiff's injury were known to the Plaintiff and nevertheless Plaintiff conducted himself in such a manner so as to voluntarily assume any risk pertaining thereto.

## FOR A TWELFTH DEFENSE

32. The Plaintiffs' Complaint, and each cause of action in the Complaint, is barred because the Defendant did not owe any duty to the Plaintiff.

## FOR A THIRTEENTH DEFENSE

33. That upon information and belief, even if the damages alleged in Plaintiffs' Complaint, if any, were proximately caused by the acts and/or omissions of this answering Defendant, which is otherwise denied except for the purpose of this affirmative defense, the Defendant did not and could not have foreseen that Plaintiffs' damages, if any, could have proximately resulted from the condition of the premises.

## **FOR A FOURTEENTH DEFENSE**

34. Defendant AZE reserves the right to assert additional defenses that may become apparent through discovery.

**WHEREFORE**, having answered the Plaintiffs' Complaint, Defendant AZE respectfully requests that the Amended Complaint be dismissed, with costs, and for such other and further relief as the Court deems just and proper.

Defendant AZE demands a jury trial.

                                                MURPHY & GRANTLAND, PA

                                                *s/E. Raymond Moore, III*
                                                John M. Grantland, Esquire Fed. ID No. 6424
                                                E. Raymond Moore, III, Fed. ID No. 6797
                                                4406-B Forest Drive (29206)
                                                P.O. Box 6648
                                                Columbia, South Carolina  29260
                                                (803) 782-4100
                                                Attorneys for the Defendants

Columbia, South Carolina
February 23, 2010